RODENBERG, Judge
Appellant John Thomas Leonard challenges his check-forgery convictions based on evidence seized from his hotel room after police obtained his identifying information from hotel-registration records. Appellant argues that the district court erred by denying his motion to suppress because the evidence against him is the fruit of an unlawful search of hotel-registration records. We affirm.
FACTS
On August 14, 2015, police officers requested a guest list from a Bloomington hotel's registration records. A clerk at the hotel's front desk provided the list and told the officers that appellant had recently checked into a room, provided a Pennsylvania identification card, and paid cash to use the room for six hours. Because the brief cash rental by an out-of-state guest aroused the officers' suspicions, they checked appellant's criminal history. They discovered that appellant had numerous arrests for drugs, firearms, and fraud.
The officers proceeded to appellant's room, knocked on the door, and identified themselves as police. Approximately 60 seconds elapsed, during which time the officers heard a toilet flush and papers shuffling. Then appellant answered the door and permitted the officers to enter, but immediately after allowing the officers into the room, he picked up a laptop, a cell phone, and a file folder that appeared to contain several checks. Appellant declined the officers' request to inspect those items. In the room, the officers observed a large amount of cash, two printers, and several envelopes. The officers then froze the scene and obtained a search warrant. In searching the room pursuant to the warrant, officers recovered several checks purporting to be paychecks from various hotels to "Spencer Alan Hill" at various addresses. Six of the checks indicated the same account number, but purported to be *55 from different banks. The amounts for which the checks were payable totaled $2,521.22. Officers also recovered $5,338 in cash, and check-printing paper that had been loaded into a printer.
Appellant was charged with check forgery and offering a forged check. He moved to suppress the evidence seized from his hotel room. He argued that the warrantless search of the hotel's registration records was unjustified because the statutes that require hotel operators, under threat of criminal sanction, to maintain such records and make them "open to the inspection of all law enforcement," Minn. Stat. §§ 327.10, .12, .13 (2018), are unconstitutional under City of Los Angeles v. Patel , --- U.S. ----, 135 S.Ct. 2443, 192 L.Ed.2d 435 (2015). Appellant asserted that the identifying information gleaned from the records so obtained led directly to the seizure of the evidence against him.
The district court denied appellant's suppression motion, reasoning that appellant lacked a reasonable expectation of privacy in the information he gave to the hotel for its registration records. Appellant thereafter waived a jury trial and submitted the case to the district court for resolution on stipulated evidence under Minn. R. Crim. P. 26.01, subd. 4. The district court found appellant guilty of both counts and sentenced him to 17 months in prison.
This appeal followed.
ISSUE
Does a hotel guest have a reasonable expectation of privacy in identifying information conveyed to a hotel for its registration records?
ANALYSIS
When reviewing a pretrial order denying a motion to suppress evidence, appellate courts independently review the established facts and determine whether, as a matter of law, the district court erred in not suppressing the evidence. State v. Askerooth , 681 N.W.2d 353, 359 (Minn. 2004). A district court's factual findings are reviewed for clear error, and its legal determinations are reviewed de novo. State v. Gauster , 752 N.W.2d 496, 502 (Minn. 2008).
The United States and Minnesota Constitutions protect against "unreasonable" searches. U.S. Const. amend. IV ; Minn. Const. art. I, § 10. A warrantless search is "presumptively unreasonable unless one of a few specifically established and well-delineated exceptions applies." State v. Diede , 795 N.W.2d 836, 846 (Minn. 2011) (quotation omitted). The exclusionary rule generally requires the suppression of evidence acquired as a direct or indirect result of an unlawful search. Murray v. United States , 487 U.S. 533, 536-37, 108 S.Ct. 2529, 2533, 101 L.Ed.2d 472 (1988).
Appellant frames this appeal principally as a challenge to the constitutionality of Minn. Stat. § 327.12. He argues that the statute is unconstitutional because it, like the ordinance at issue in Patel , requires hotels to comply with warrantless searches of registration records without an opportunity for precompliance review. And because the statute is unconstitutional, he maintains, the search of registration records under the statute was unlawful. Appellant's reliance on Patel is misplaced.
The ordinance under review in Patel was similar to Minn. Stat. § 327.12,[1] but the case involved a materially different issue, *56 presented in a different procedural posture. There, hotel operators challenged the ordinance as facially violating their Fourth Amendment rights by requiring them to submit to warrantless searches of their registration records. Patel , 135 S.Ct. at 2447-48. The Patel court reasoned that warrantless searches may be permissible as administrative searches, but only if the subject of the search-the hotel operator-is afforded an opportunity to obtain precompliance review. Id. at 2452. Because the Los Angeles ordinance did not afford hotel operators that opportunity, it was constitutionally infirm. Id. But the court emphasized that its holding was "narrow," deciding only that a hotel operator must be afforded an opportunity to have a neutral decisionmaker review an officer's demand to search the registration records before the operator faces penalties for failing to comply. Id. at 2453-54. The Patel court did not address the issue presented here-the Fourth Amendment rights of hotel guests relative to the registration records.
Fourth Amendment rights are "personal rights" that may not be asserted vicariously. Rakas v. Illinois , 439 U.S. 128, 133-34, 99 S.Ct. 421, 425, 58 L.Ed.2d 387 (1978) (quotation omitted). A person asserting a Fourth Amendment claim must show a legitimate expectation of privacy in the subject of the search. State v. deLottinville , 890 N.W.2d 116, 119 (Minn. 2017), cert. denied , --- U.S. ----, 138 S.Ct. 377, 199 L.Ed.2d 278 (2017). "The defendant has the burden of establishing that his own Fourth Amendment rights were violated by the challenged search or seizure." Statev. Griffin , 834 N.W.2d 688, 696 (Minn. 2013) (quotation omitted). The question here is whether appellant had a reasonable expectation of privacy in the identifying information that the hotel collected and was required to make available to police under Minn. Stat. § 327.12.[2]
In considering the reasonableness of a person's expectation of privacy, the Supreme Court has "drawn a line between what a person keeps to himself and what he shares with others." Carpenter v. United States , --- U.S. ----, 138 S.Ct. 2206, 2216, 201 L.Ed.2d 507 (2018). A person "has no legitimate expectation of privacy in information he voluntarily turns over to third parties," Smith v. Maryland , 442 U.S. 735, 743-44, 99 S.Ct. 2577, 2582, 61 L.Ed.2d 220 (1979), even if he reveals the information "on the assumption that it will be used only for a limited purpose," United States v. Miller , 425 U.S. 435, 443, 96 S.Ct. 1619, 1624, 48 L.Ed.2d 71 (1976). This is particularly true when the information in question is "limited" and "not confidential," like the telephone records at issue in Smith or the checks at issue in Miller . See Carpenter , 138 S.Ct. at 2219. Upon conveying such information to another, the defendant "assum[es] the risk" that the recipient will reveal it to police. Smith , 442 U.S. at 744, 99 S.Ct. at 2582.
Here, appellant gave the hotel the basic identifying information that Minn. Stat. § 327.10 required it to collect-his name and home address.[3] He also provided *57 additional information to which the statute makes no reference-his date of birth, identification card number, and appearance (by permitting the hotel to copy his identification card); his method of payment (cash); and the length of his anticipated stay (only six hours). Like the defendants in Miller and Smith , appellant risked the hotel disclosing this information to police.
Appellant resists this conclusion, arguing first that Miller is inapposite because it involved a different type of information subject to search (bank records) and a different process by which police obtained access (subpoena). But the third-party-disclosure principle articulated in Miller has a broader application than the facts of that case. It is based on the long-standing and unchallenged principle that "[w]hat a person knowingly exposes to the public ... is not a subject of Fourth Amendment protection." Miller , 425 U.S. at 442, 96 S.Ct. at 1623 (quoting Katz v. United States , 389 U.S. 347, 351, 88 S.Ct. 507, 511, 19 L.Ed.2d 576 (1967) (alterations in original) ). And it applies irrespective of how police subsequently obtain the information. See Smith , 442 U.S. at 737, 744, 99 S.Ct. at 2578, 2582 (applying third-party-disclosure principle to installation of a pen register to track called phone numbers based on a "police request"). In circumstances of voluntary disclosure, the third-party-disclosure principle remains the applicable law. Carpenter , 138 S.Ct. at 2220.
Appellant argues that no such disclosure occurred here. He asserts that he did not voluntarily provide information, but was instead required to do so "without any opportunity for [him] to refuse while still renting a hotel room in Minnesota." This argument is unavailing. While Minnesota law required him to provide, and the hotel to collect, some of the information he disclosed-or else forfeit the desired accommodation-the Fourth Amendment concept of voluntary third-party disclosure does not depend on the gratuitous sharing of information. To the contrary, in Miller , the Supreme Court found the disclosure of certain financial information to be voluntary, as a means of retaining a bank account, despite legislation mandating banks to collect certain information from their depositors. 425 U.S. at 442-43, 96 S.Ct. at 1624. And in Smith , the court held disclosure of the telephone numbers a person calls to be the voluntary byproduct of using a telephone. 442 U.S. at 744, 99 S.Ct. at 2582. Appellant likewise chose, as hotel guests routinely do, to provide identifying information to the hotel as a means of securing a hotel room-a choice made no less voluntary because the hotel was required to request the information.[4]
Finally, appellant argues that, even if the third-party-disclosure principle defeats his suppression argument under the Fourth Amendment, this court should hold that article I, section 10 of the Minnesota Constitution affords greater protection in this circumstance than the Fourth Amendment. We decline to so hold. Article I, section 10 should be interpreted more *58 expansively than its "textually identical" federal counterpart only when there is "a principled basis to do so." State v. McMurray , 860 N.W.2d 686, 689 n.1, 690 (Minn. 2015) (quotation omitted). Appellant identifies no such basis,[5] and existing caselaw suggests there is none.
We consider the analogous question of whether a person has a reasonable expectation of privacy in garbage that person leaves for pick up at the curb. The Supreme Court held in the negative, reasoning that doing so exposes the garbage to the public, much like the third-party disclosure in Smith , and therefore is not a subject of Fourth Amendment protection. California v. Greenwood , 486 U.S. 35, 40, 108 S.Ct. 1625, 1628, 100 L.Ed.2d 30 (1988). The Minnesota Supreme Court expressly declined to deviate from that holding based on article I, section 10, of the state constitution. McMurray , 860 N.W.2d at 693. The McMurray court explained that Greenwood "does not fail to adequately protect a unique, distinct, or peculiar issue of state and local concern." Id. Given this holding in McMurray , we discern no basis for departing from the third-party-disclosure principle on state constitutional grounds.
Moreover, this court's role is to correct errors; we make "new law" only if "there are no statutory or judicial precedents to follow." See State v. McCormick , 835 N.W.2d 498, 510 (Minn. App. 2013) (quotation omitted), review denied (Minn. Oct. 15, 2013). To the extent a principled basis for departure exists, such a determination is more appropriately left to the Minnesota Supreme Court, which, "as Minnesota's highest court," independently safeguards "the protections embodied in our constitution." Askerooth , 681 N.W.2d at 362.
In sum, appellant, in renting a hotel room, voluntarily provided the hotel with identifying information, some but not all of which the hotel was directed by Minnesota law to collect. Because appellant had no reasonable expectation of privacy in the hotel records, police officers' acquisition of that information through a warrantless search of hotel-registration records (and conversation with the hotel clerk) did not implicate appellant's Fourth Amendment rights.
DECISION
The district court did not err by denying appellant's motion to suppress evidence seized from his hotel room because appellant voluntarily provided information to the hotel, which then provided its registration records to police officers.
Affirmed.

The ordinance stated "that hotel guest records 'shall be made available to any officer of the Los Angeles Police Department for inspection.' " Patel , 135 S.Ct. at 2448 (quoting Los Angeles Municipal Code § 41.49(3)(a) (2015) ).

The state insists that this issue is not properly before us because the record does not indicate whether the hotel shared appellant's information with the officers voluntarily or because Minn. Stat. § 327.12 required it to do so. See Patel , 135 S.Ct. at 2454 (recognizing that "hotel operators remain free to consent to searches of their registries"). But the state, like appellant, improperly focuses on the conduct of the hotel, rather than the question whether appellant had a reasonable expectation of privacy in the records such that a search of the records-based on the hotel's consent or on Minn. Stat. § 327.12 -implicated his Fourth Amendment rights.

The statute requires a "person operating" a hotel to collect vehicle information and other guests' names and addresses, Minn. Stat. § 327.10, but nothing in the record indicates the hotel in this case collected such information.

Appellant argues for the first time on appeal that Minn. Stat. § 327.10 makes hotel operators agents of the state by requiring them to conduct warrantless searches of their guests. He forfeited this argument by not presenting it to the district court. State v. Busse , 644 N.W.2d 79, 89 (Minn. 2002). But we observe that, as with the mandated bank records in Miller , the mandated hotel-registration records here do not turn the hotel into an agent of the state; even if they did, police accessing the voluntarily conveyed information would be no more of an intrusion on the guest's Fourth Amendment rights. 425 U.S. at 443, 96 S.Ct. at 1624.

Appellant points only to a generalized common-law right to privacy and the holding in State v. Licari , 659 N.W.2d 243, 250-52 (Minn. 2003), on Fourth Amendment principles, that a person who grants another rights of access to a rented storage unit does not thereby grant actual authority to consent to a search.